**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **EDWARD TYRONE RIDLEY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Case No. 5:22-cv-159-TES-CHW** |
| | : | |
| **KARL FORT,** *et al.*, | : | |
| | : | **Proceedings Under 42 U.S.C. § 1983** |
| **Defendants.** | : | **Before the U.S. Magistrate Judge** |
| | : | |

<u>**ORDER**</u>

Plaintiff Edward Tyrone Ridley commenced this Section 1983 action in the Superior Court of Washington County, Georgia, on December 8, 2021. (Doc. 1-1, p. 1). The action was then removed to this Court. Plaintiff's contention is that mailroom staff at Washington State Prison interfered with his mailings and declined to provide him with extra indigent supplies above a fixed allotment. *But see Hoppins v. Wallace*, 751 F.2d 1161, 1162 (11th Cir. 1985) ("The constitutional right to access to the courts entitled indigent prisoners to some free stamps … but not unlimited free postage").

Three pending motions from Plaintiff are now before the Court. In the first, Plaintiff asks to "submit attached returned letter as evidence." (Doc. 2, p. 1). The returned letter, addressed to the Risk Management Division of the Georgia Department of Administrative Services, is now docketed with the Court. As no further judicial action is requested or now warranted, the Clerk of Court is directed to **TERMINATE** the motion as moot.

In the second motion, Plaintiff seeks to add eight additional persons as defendants. (Doc. 3, p. 1). Several of Plaintiff's prospective defendants are high-ranking supervisory officials, but "[Section] 1983 claims may not be brought against supervisory officials on the basis of vicarious

liability or respondeat superior." *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). More significantly, Plaintiff fails to describe any personal wrongdoing by any of his new, prospective defendants in his motion to amend and attachments, and for that reason, Plaintiff fails to state a claim for relief against these defendants. Plaintiff's motion to amend is therefore **DENIED**. Plaintiff is advised that future amendment proposals should incorporate all of Plaintiff's claims and supporting allegations into a single, controlling document. *See Malowney v. Fed. Collective Deposit Group*, 193 F.3d 1342, 1345 n.2 (11th Cir. 1999) ("An amended complaint supersedes an original complaint").

Finally, in his third motion, Plaintiff seeks to submit a grievance appeal response dated March 17, 2022. (Doc. 4-1, p. 1). Because the grievance response is now docketed with the Court,[1] and as no further judicial action is requested or now warranted, and as the Clerk of Court is directed to **TERMINATE** the motion as moot.

**SO ORDERED**, this 3rd day of August, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

[1] The Prison Litigation Reform Act requires exhaustion to be completed prior to the commencement of an action. 42 U.S.C. § 1997e(a). *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012). Plaintiff's grievance appeal response, therefore, which postdates the commencement date, cannot serve to demonstrate exhaustion.