**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **EDWARD TYRONE RIDLEY,** | |
| *Plaintiff,* | |
| **v.** | **CIVIL ACTION NO.**<br>**5:22-cv-00159-TES-CHW** |
| **KARL FORT,** *et al.,* | |
| *Defendants.* | |

**ORDER DENYING MOTION TO APPEAL *IN FORMA PAUPERIS***

In this case, Plaintiff Edward Tyrone Ridley seeks leave to appeal the Court's

dismissal of his First Amendment access-to-courts claim *in forma pauperis*. [Doc. 30];

[Doc. 31]; [Doc. 33]; [Doc. 34]. The Court **DENIES** Plaintiff's Motion for Leave to Appeal

*In Forma Pauperis* [Doc. 34] because, as explained below, it is not taken in good faith.

**A.**    ***In Forma Pauperis* Standard**

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and

Federal Rule of Appellate Procedure 24. Section 1915 provides:

> [A]ny court of the United States may authorize the commencement,
> prosecution or defense of any suit, action or proceeding, civil or criminal,
> or appeal therein, without prepayment of fees or security therefore, by a
> person who submits an affidavit that includes a statement of all assets such
> prisoner possesses that the person is unable to pay such fees or give security
> therefor.  Such affidavit shall state the nature of the action, defense or
> appeal and affiant's belief that the person is entitled to redress.
> . . .
> An appeal may not be taken in forma pauperis if the trial court certifies in

writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3). Similarly, Appellate Rule 24(a) provides:

> [A] party to a district-court action who desires to appeal in forma pauperis
> must file a motion in the district court. The party must attach an affidavit
> that:
>> (A) shows . . . the party's inability to pay or to give security for fees
>> and costs;
>> (B) claims an entitlement to redress; and
>> (C) states the issues that the party intends to present on appeal.
>>                                    . . .
> If the district court denies the motion, it must state its reasons in writing.

Fed. R. App. R. 24(a)(1)–(2).

Thus, pursuant to both provisions, the district court may authorize an appeal of a

civil action without prepayment of fees if (1) the party submits "an affidavit that

includes a statement of all assets," describes the nature of the appeal, and declares the

affiant's belief in his entitlement to redress; and (2) the appeal is taken in good faith. 28

U.S.C. § 1915(a); *see also* Fed. R. App. P. 24(a).

### B.     Plaintiff has Shown Inability to Pay the Filing Fee

First, the Court must determine whether Plaintiff is financially able to pay the

filing fee required for an appeal. Plaintiff claims to have no assets or income. [Doc. 34,

pp. 2–5]. Based on the contents of his motion, Plaintiff has shown the Court that he

cannot immediately pay the appellate filing fee.

### C.     Plaintiff's Appeal is Not Taken in Good Faith

Next, the Court considers whether the appeal is brought in good faith. An appeal

cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

Here, Plaintiff seeks to appeal what he asserts as an access-to-courts claim because he "attempted to mail out indigent legal mail" but was prevented from doing so. [Doc. 1-1, pp. 6–7]. Access-to-courts claims, though, are limited "to direct or collateral appeals and civil rights cases." *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)). The mail Plaintiff sought to send concerned his litigation in a civil, "car wreck injury" matter in the Superior Court of Cobb County, Georgia. [Doc. 1-1, p. 6]; [Doc. 29, p. 4]. Since Plaintiff's underlying case is unrelated to a direct or collateral appeal of his criminal conviction or a civil rights case, Plaintiff has alleged no cognizable actual injury that may give rise to a federal court access claim. Thus, his appeal is not taken in good faith.

**D.   <u>Conclusion</u>**

For the reasons discussed above, Plaintiff's Motion for Leave to Appeal *In Forma*

*Pauperis* [Doc. 34] is **DENIED**. If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to § 1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

**SO ORDERED**, this 14th day of February, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**